UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| CHRISTIAN DURMOV, | ) | |
|     Plaintiff | ) | CIVIL NO. 5:12-258 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| UNIVERSITY OF KENTUCKY, et al., | ) | |
|     Defendants | ) | |

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Partial Motion to Dismiss (DE 5) filed by the Defendants the University of Kentucky ("UK") and David Duncan, in his official and individual capacities. For the following reasons, the motion will be GRANTED.

    **I.**    **Facts.**

According to the Plaintiff's Complaint Lexington-Fayette Urban County Government ("LFUCG") police officer Anthony Bottoms stopped a vehicle driving on Virginia Avenue near the UK campus. Plaintiff Christian Durmov was a passenger in the vehicle. At some point, UK police officer David Duncan also arrived at the scene. The officers handcuffed Durmov and arrested him for alcohol intoxication. A jury ultimately found the Plaintiff not guilty of the charge.

Based on his encounter with the officers, Durmov brought this action against both Officers Bottoms and Duncan, UK, and the LFUCG. Durmov asserts a claim of assault and battery against Officers Bottoms and Duncan (Count I); a claim that Officers Bottoms and Duncan were "grossly negligent and reckless" (Count II); a claim under 42 U.S.C. § 1983 that the officers violated his constitutional rights (Count III); a claim that the officers violated his Fourth Amendment rights (Count IV); a negligence claim against the officers and UK and the

LFUCG (Count V); and a claim against UK and the LFUCG asserting that these entities are responsible for the officers' "use of excessive and unnecessary force (Count VI).

The Plaintiff asserts the claims against the officers in both their individual and official capacities.

With this motion to dismiss, UK moves to dismiss all of the counts against it and against Officer Duncan in his official capacity asserting, among other defenses, sovereign immunity. UK Officer Duncan moves to dismiss all claims against him in his individual capacity except for Counts I (assault and battery) and IV (violation of the Fourth Amendment).

**II.     Analysis.**

**A.     Claims against UK and Officer Duncan in his Official Capacity.**

The Court interprets the Complaint to assert two claims against UK. The first claim is a state-law claim that UK was negligent in hiring and training Officer Duncan (Count V). The second is a constitutional claim that UK is liable for the Fourth-Amendment violations of Officer Duncan (Count VI).

The Plaintiff concedes that his claims against UK must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment, as interpreted by the Supreme Court, bars an action for damages in a federal court against a state, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. V*irginia Office for Protection & Advocacy v. Stewart*, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 1632, 1637–38 (2011). UK is a state agency for immunity purposes. *Commonwealth v. Harris*, 59 S.W.3d 896, 901 (Ky. 2001); *Hutsell v. Sayre*, 5 F.3d 996, 1002 (6th Cir. 1993). Accordingly, the Plaintiff's claims against UK will be dismissed.

The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity. *Regents of the University of California v. Doe*, 519 U.S. 425, 429,

2

(1997); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir.2005). Suits for money damages against state officials in their official capacity are considered to be suits against the state itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Plaintiff's claims against Officer Duncan in his *official* capacity will be dismissed.

### B. Negligence Claims.

Officer Duncan also moves to dismiss the negligence claims asserted against him in his individual capacity. Again, the Plaintiff asserts against both officers the intentional tort claim of assault and battery (Count I) and also claims that the officers were negligent (Count III) and "grossly negligent" (Count II) in their use of force.

Under Kentucky law, an arresting officer "may use such force as may be necessary to make the arrest but no more." *City of Lexington v. Gray*, 499 S.W.2d 72, 74 (Ky. 1973). When an officer uses more force than is necessary, he commits an intentional act. *See Ali v. City of Louisville*, No. 3:05-CV-427-R, 2006 WL 2663018, at *8 (W.D. Ky. 2006). Thus, when an officer uses excessive force, he can be liable for the intentional tort of battery, but he cannot be liable for negligence. *Id*.

"[W]here an intentional touching (a battery), which is inherent in any arrest, escalates beyond that which is reasonably necessary into excessive force, the cause of action is solely for battery. . . To permit a separate claim for negligence creates the risk that a jury would assume that, even if no excessive force were used, the officer might somehow still be liable for some undefined negligence." *Id*. *See also Marksbury v. Elder*, No. 5:09-CV-24, 2011 WL 5598419, at *8 n. 7 (E.D. Ky. 2011) ("because this is an excessive force claim, the applicable tort theory is assault and battery, not negligence.") Accordingly, the Plaintiff's negligence claims against Officer Duncan in his individual capacity will be dismissed.

Officer Bottoms has not moved to dismiss the negligence claims against him.  Because these claims fail as a matter of law, however, the Court will also dismiss the negligence claims against Officer Bottoms in his individual capacity.

### C.     Constitutional Claims.

The Plaintiff brings two constitutional claims against Officers Bottoms and Duncan.  In Count III, the Plaintiff alleges that the officers "deprived him of rights and privileges secured to [him] by the United States Constitution including the Due Process Clause of the Fourteenth Amendment within the meaning of 42 U.S.C. § 1983."  Count IV charges that the officers violated the Plaintiff's "Fourth Amendment right to be free from unwarranted search and seizure."

The Court will construe the Plaintiff's Fourth Amendment claim in Count IV to be asserted under 42 U.S.C. § 1983.  This is because plaintiffs may not assert a direct constitutional claim against state or local officials.  Instead, constitutional claims against these officials must be brought under § 1983.  *See Thomas v. Shipka*, 818 F.2d 496, 500, 502-03 (6th Cir.1987), *vacated on other grounds,* 488 U.S. 1036, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.")  *See also Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. 2000) ("[T]his circuit does not recognize direct constitutional claims against local officials and municipalities."); *Sanders v. Prentice-Hall Corp.*, No. 97-6138, 1999 WL 115517, at * 1, n. 2 (6th Cir. 1999)("This circuit has held that constitutional violations by state officials are not cognizable directly under the constitution. . .

because 42 U.S.C. § 1983 provides the exclusive remedy for such constitutional violations."); *Paulman v. Kentucky*, No. 1:11-CV-96-M, 2012 WL 122593, at * 2 (January 17, 2012).

"[A]*ll* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989).

The Plaintiff alleges that he was "seized" by the officers. He alleges that the officers removed him from the vehicle, threw him to the ground, handcuffed him, and detained him until he was transported to the Lexington-Fayette County Urban Government Detention Center, where he was charged with alcohol intoxication. Accordingly, the Plaintiff's excessive force claims must be analyzed under the Fourth Amendment and his substantive due process claims against Officer Duncan under the Fourteenth Amendment will be dismissed.

Again, Officer Bottoms has not moved for the dismissal of the due process claim against him but, because the claim fails as a matter of law, the Court will dismiss this claim against Officer Bottoms also.

As a result of this Opinion and Order, the remaining claims in this action are all of the Plaintiff's claims against the LFUCG and Officer Bottoms in his official capacity; and the Plaintiff's assault-and-battery (Count I) and § 1983-Fourth-Amendment claim (Count IV) against Officers Duncan and Bottoms in their individual capacities.

### III.    Conclusion.

For all these reasons the Court hereby ORDERS as follows:

1)    the Partial Motion to Dismiss (DE 5) filed by the Defendants the University of Kentucky and David Duncan, in his official and individual capacities, is GRANTED;

2) all of the Plaintiff's claims against the University of Kentucky and against David Duncan in his official capacity are DISMISSED;

3) the Plaintiff's negligence (Count V) and gross negligence (Count II) claims against David Duncan and Anthony Bottoms in their individual capacities are DISMISSED; and

4) the Plaintiff's substantive due process claim (Count III) against David Duncan and Anthony Bottoms in their individual capacities are DISMISSED.

Dated this 7th day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge